**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
1205 NW 25th Avenue
Portland, Oregon 97210
t: 503.922.2243
f: 844.714.6450
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **C.M.**, by and through her next friend, ELIZABETH MCSHANE,<br><br>               Plaintiff,<br><br>    v.<br><br>**BEAVERTON SCHOOL DISTRICT 48J**, by and through the **BEAVERTON SCHOOL DISTRICT BOARD**, an Oregon public school entity, **JEFF ROSE**, Superintendent, in his Official and Individual Capacities; **JOHN HUELSKAMP**, Principal, in his Official and Individual Capacities; **SHAWN DAVITT**, Vice Principal, in his Official and Individual Capacities; and **I.F.**, a minor,<br><br>           Defendants. | Case No. 3:17-cv-1662<br><br>**COMPLAINT**<br>(Negligence, Title IX, Section 1983, and Assault)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.

Federal Court jurisdiction exists under 28 USC § 1331 and 28 USC § 1343(a)(3) based

on Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq.

Page 1 – **COMPLAINT**

Supplemental jurisdiction arises under 28 USC § 1367 for all common law and state of Oregon claims.

2.

Venue is proper in the U.S. District Court of Oregon, Portland Division because all acts alleged herein occurred in Washington County, state of Oregon.

**PARTIES**

3.

At all material times, Plaintiff C.M. was a resident and domiciliary of Washington County, state of Oregon and was a student at Sunset High School within Defendant Beaverton School District 48J.

4.

At all material times, Defendant Beaverton School District 48J by and through the Beaverton School District 48J Board (collectively "BSD"), is and was an Oregon public corporate entity doing business in Washington and Multnomah Counties.

5.

At all material times, Defendant Jeff Rose Ed. is and was the Superintendent of BSD, acting in his official and individual capacities working within Washington and Multnomah Counties, state of Oregon.  During all material times, the Superintendent was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of his employment and his employer.

6.

At all material times, Principal John Huelskamp, in his official and individual capacities, was the Principal of Sunset High School within BSD in Washington and Multnomah Counties,

Page 2 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

state of Oregon. During all material times, the Principal was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of his employment and his employer.

7.

At all material times, Defendant Assistant Principal Shawn Davitt in his official and individual capacities, was the Principal of Sunset High School within BSD in Washington and Multnomah Counties, state of Oregon. During all material times, the Principal was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of his employment and his employer.

8.

At all material times, Defendant I.F. is and was a student attending school at Sunset High School.

**STATEMENT OF THE CASE**

9.

BSD is a public school district, and operates and is wholly responsible for numerous schools including Sunset High School, and provides public school education from kindergarten through the twelfth grade pursuant to ORS 332.072.

10.

BSD warrants and accepts the burden and responsibility of keeping students safe by and through its adopted school board policies, including when students are transported on the bus by BSD.

///

///

Page 3 – **COMPLAINT**

11.

From the beginning of October 2016 through November 2016 C.M. was sexually assaulted by another student, "I.F." on BSD's school bus.

12.

BSD knew or should have known about I.F.'s sexualized behavior and assaults upon C.M.  BSD knew or should have known that its bus driver was aware of the sexual assaults, and did not report the sexual assaults due to lack of training and supervision.

13.

I.F. confessed to Mr. Shawn Davitt that he sexually assaulted C.M.

14.

Plaintiff timely provided a tort claim notice to BSD.

## FIRST CLAIM FOR RELIEF

(Negligence)

15.

Plaintiff realleges and incorporates by reference paragraphs 3 through 11 above.

16.

C.M. and BSD are in a special relationship of educators to student.  C.M. was entrusted to BSD's care, and BSD has the special duty to assure C.M.'s safety through supervision during school hours, on school grounds, and while being transported by BSD.

17.

C.M. was harmed and injured when she was sexually assaulted by I.F. while being transported on BSD's buses during the months of October and November when there was little to

Page 4 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

no supervision. C.M. suffered further harm due to BSD's lack of supervision and reporting of the sexual assaults by I.F.

18.

BSD breached its duty of care and its policies with regard to supervising its students, supervising the transportation of its students, ensuring its bus drivers reported aberrant student behavior, failing to train its bus drivers, and failing to report the sexual assault of C.M.

19.

As a direct and proximate result of BSD's conduct, C.M. has suffered economic damages in an amount to be determined by a jury after receiving all of the evidence, but which Plaintiff presently estimates do not exceed $25,000.00.

20.

As a direct and proximate result of BSD's conduct, C.M. sustained the following injuries and noneconomic damages, all of which were reasonably foreseeable, and some of which may be permanent:

   a.     Pain, discomfort, suffering, and emotional distress;

   b.     Loss of educational opportunities; and

   c.     Inconvenience and interference with usual and everyday activities, apart from gainful employment.

All to C.M.'s noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of $600,000.00.

///

///

///

Page 5 – **COMPLAINT**

## SECOND CLAIM FOR RELIEF

(Title IX)

21.

Plaintiff alleges and incorporates by reference paragraphs 3 through 20 above.

22.

BSD receives Federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

23.

The sexual harassment and assault by I.F. was so severe, pervasive, and objectively offensive that it deprived C.M. of access to educational opportunities or benefits provided by BSD.

24.

BSD created and/or subjected C.M. to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

    a.      Plaintiff was a member of a protected class;

    b.      she was subjected to sexual harassment in the form of a sexual assault by another student;

    c.      she was subjected to harassment based on her sex; and

    d.      she was subjected to a hostile educational environment created by BSD's lack of policies and procedures, lack of training, and failure to properly investigate and address the sexual assault.

///

///

///

Page 6 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

25.

BSD and its officials had actual knowledge of the sexual assaults and the resulting harassment of C.M. created by its failure to investigate and discipline I.F. in a timely manner and consistent with its own policy and federal and state law.

26.

BSD's failure to promptly and appropriately respond to the alleged sexual harassment and assault, resulted in C.M., on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the BSD's education program in violation of Title IX.

27.

BSD failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward C.M.

28.

BSD persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

29.

BSD engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

30.

This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students and C.M.

///

Page 7 – **COMPLAINT**

31.

C.M. has suffered emotional distress and psychological damage, and her character and standing in her community have suffered as a direct and proximate result of BSD's deliberate indifference to her rights under Title IX. All to C.M.'s noneconomic damage in an amount to be determined by the jury to be fair and reasonable, but not to exceed $6,000,000.00.

32.

Pursuant to 42 USC § 1988, C.M. is entitled to an award of her attorney fees and costs incurred in this action.

**THIRD CLAIM FOR RELIEF**

(42 USC § 1983 – Equal Protection)

(Jeff Rose, John Huelskamp, and Shawn Davitt)

33.

Plaintiff alleges and incorporates by reference paragraphs 3 through 32 above.

34.

Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

35.

Defendants Rose, Huelskamp, and Davitt were all state actors acting under the color of state law.

36.

Defendants each subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate I.F.'s sexual misconduct and assaults; failing to appropriately discipline I.F.; failing to adequately train and supervise

Page 8 – **COMPLAINT**

Hueslkamp and Davitt and BSD's bus drivers; and manifesting deliberate indifference to the ongoing harassment and sexual assaults of C.M. by I.F.

37.

BSD has and/or had unconstitutional customs or policies of a) failing to investigate evidence of criminal and tortious misconduct against BSD students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise BSD employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

38.

BSD's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

39.

Defendants Rose, Huelskamp, and Davitt are or were at the time of events complained of within, policymakers for the purpose of implementing the School District's unconstitutional policies or customs.

40.

C.M. has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendants.  All to C.M.'s noneconomic damage in an amount to be determined by the jury to be fair and reasonable, but not to exceed $9,000,000.00.

41.

Pursuant to 42 USC § 1988, C.M. is entitled to an award of her attorney fees and costs incurred in this action.

Page 9 – **COMPLAINT**

## FOURTH CLAIM FOR RELIEF

(42 USC § 1983 – Failure to Train and Supervise)

(Beaverton School District)

42.

Plaintiff alleges and incorporates by reference paragraphs 3 through 41 above.

43.

Defendants Rose, Huelskamp, and Davitt were "state actors" working for BSD, a federally funded school system.

44.

Defendants Rose, Huelskamp, and Davitt acted under "color of law" when refusing to respond to C.M.'s sexual assault.

45.

Defendants Rose, Huelskamp, and Davitt failed to preserve C.M.'s constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

46.

Under the Equal Protection Clause of the Fourteenth Amendment, C.M. had the right to equal access to an educational environment free from harassment and discrimination.

47.

Defendants Rose, Huelskamp, and Davitt should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

///

///

Page 10 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

48.

Defendants Rose, Huelskamp, and Davitt each violated C.M.'s right to equal access by:

a.      Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

b.      Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

c.      Failing to take steps to protect the C.M. as necessary, including interim steps taken prior to the final outcome of the investigation;

d.      Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual violence. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

e.      Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and

f.      Failing to notify both parties of the outcome of the complaint.

49.

BSD violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

50.

These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

///

Page 11 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

51.

Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a result of BSD's deliberate indifference to her right to equal protection under the Fourteenth Amendment. All to C.M.'s noneconomic damage in an amount to be determined by the jury to be fair and reasonable, but not to exceed $12,000,000.00.

52.

Pursuant to 42 USC § 1988, C.M. is entitled to an award of her attorney fees and costs incurred in this action.

**FIFTH CLAIM FOR RELIEF**

(Assault and Battery)

(Against I.F.)

53.

Plaintiff alleges and incorporates by reference paragraphs 3 through 33 above.

54.

Defendant I.F. attempted and did cause harmful, offensive, and sexual physical contact with C.M.

55.

I.F. sought opportunity and did in fact carry out his intention to cause harmful, offensive, and sexual physical contact with C.M.

56.

As a result of I.F.'s sexual assault of C.M., she suffered physical injury and emotional harm.

Page 12 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon 97210
503.922.2243

57.

As a direct and proximate result of I.F.'s conduct, C.M. has suffered economic damages in an amount to be determined by a jury after receiving all of the evidence, but which Plaintiff presently estimates does not exceed $25,000.00.

58.

As a direct and proximate result of I.F.'s conduct, C.M. sustained the following injuries and noneconomic damages, all of which were reasonably foreseeable, and some of which may be permanent:

(a)     sexually offensive groping, touching, and penetration;

(b)     Pain, discomfort, suffering, and emotional distress;

(c)     Loss of educational opportunities; and

(d)     Inconvenience and interference with usual and everyday activities, apart from gainful employment.

All to Plaintiff's noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of $1,000,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For economic damages in an amount to be determined at trial;

2.     For compensatory damages in an amount to be determined at trial;

3.     For punitive damages in an amount to be determined at trial;

4.     For injunctive relief:

a.     requiring BSD to take effective steps to prevent sexual assaults on school buses, including daily review of bus video recordings;

Page 13 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

b.      requiring BSD to mandate reporting of sexualized behavior by school bus drivers to campus/site administrators;

c.      requiring BSD to appoint and annually train Title IX coordinators for each school within BSD;

d.      requiring BSD to fully investigate each report of sexual misconduct and assault;

e.      requiring BSD to appropriate response to all conduct that may constitute sex based harassment and sexual assault; and

f.      entering an order prohibiting Defendants from further discriminating or retaliating against C.M. due to this lawsuit.

5.      For Plaintiff' s attorney fees and costs; and

6.      For all such other relief as the court shall deem equitable and just.

DATED this 19th day of October, 2017.

THE BRAGUE LAW FIRM

By */s/ Kevin C. Brague*
      Kevin C. Brague, OSB No. 050428
      kevin@braguelawfirm.com
      1205 NW 25th Avenue
      Portland, Oregon 97210
      t: 503.922.2243
      f: 844.714.6450
      Attorney for C.M.

Page 14 – **COMPLAINT**